RECEIVED
2020 JAN -3 P 1:22
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

**SCOTT BROWN,**

**Plaintiff,**

**v.**

**U.S. FOODS, INC., DAVID HIRSCH, MICHAEL ASBERY, and CHRIS SMITH,**

**Defendants.**

**CASE NO.:** 2:20-CV-006

**NOTICE OF REMOVAL**

Defendants US FOODS, INC., DAVID HIRSCH, MICHAEL ASBERY, and CHRIS SMITH ("Defendants"), by their attorneys and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of Case No. 03-CV-2019-901247.00, which is pending in the Circuit Court of Montgomery County, State of Alabama. In support of their Notice of Removal, Defendants state as follows:

1. On or about November 19, 2018, Plaintiff Scott Brown filed a charge of discrimination ("Charge") against the Defendant US Foods, Inc. with the Equal Employment Opportunity Commission ("EEOC"). A true and correct copy of Plaintiff's Charge is attached as Exhibit A. In his Charge, Plaintiff alleged that Defendant US Foods discriminated against him because of his race (Caucasian) and age (47), and retaliated against him for allegedly opposing discrimination when the Company terminated his employment.

2. On July 9, 2019, Plaintiff Scott Brown filed an action in the Circuit Court of Montgomery County, Alabama titled *Scott Brown, individually and as a Shareholder of U.S. Foods, Inc. v. U.S. Foods, Inc., a corporation; David Hirsch, an individual; Michael Asbery, an individual; Chris Smith, an individual*, Case No. 03-CV-2019-901247.00. In his Complaint, Plaintiff asserted the following counts: (1) Breach of Contract; (2) Fraud and Misrepresentation; (3) Unjust Enrichment; (4) Breach of Fiduciary Duty; (5) Civil Theft; (6) Conversion; (7) Conspiracy; (8) Tort of Outrage; (9) Negligence; (10) Slander; (11) Violation of Illinois Whistleblower Act; (12) Retaliation; (13) Negligent Hiring, Training and Supervision; and (14) Wrongful Termination. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other process, pleadings, and orders served on Defendants are attached hereto as Exhibit B.

3. Defendant US Foods, Inc. was served with the Summons and Complaint on July 5, 2019. Defendants David Hirsch and Michael Asbery were served with the Summons and Complaint on July 10, 2019. Defendant Chris Smith was served with the Summons and Complaint on August 26, 2019.

4. Defendants US Foods, Inc., Hirsch, and Asbery filed a Motion to Dismiss Plaintiff's Complaint on September 5, 2019.

5. On September 5, 2019, the EEOC issued a Dismissal and Notice of Right to Sue to Plaintiff for his Charge of Discrimination based on his race and

age. A true and correct copy of the EEOC Dismissal and Notice of Right to Sue issued to Plaintiff for his Charge is attached as Exhibit C.

6. On September 25, 3019, the Circuit Court of Montgomery County, Alabama granted Smith an extension until October 23, 2019, to file a response to Plaintiff's Complaint. On October 23, 2019, Defendant Smith joined Defendants' Motion to Dismiss Plaintiff's Complaint.

7. On October 27, 2019, Plaintiff filed an Amended Complaint in the Circuit Court of Montgomery County, Alabama. Defendants' response to the Amended Complaint would have been due on December 5, 2019.

8. However, on December 5, 2019, Plaintiff again filed a second Amended Complaint in the Circuit Court of Montgomery County, Alabama alleging (1) Breach of Fiduciary Duties of Loyalty, Good Faith and Fair Dealing; (2) Aiding and Abetting Breach of Fiduciary Duties of Loyalty, Good Faith and Fair Dealing; (3) Waste; (4) Unjust Enrichment; (5) Civil Conspiracy; (6) Conversion; (7) Tort of Outrage; (8) Slander; (9) Negligent Hiring, Training and Supervision; (10) Negligence and/or Wanton Retention; (11) Conspiracy; (12) Invasion of Right of Privacy; (13) Hostile Work Environment; and (14) Retaliation. A true and correct copy of the second Amended Complaint is attached as Exhibit D.

9.     The second Amended Complaint further alleges that Defendants, including his former employer US Foods, "subjected him to retaliation and a hostile work environment because of his race, color, and sex." (Ex. 24.) Although the second Amended Complaint does not explicitly mention Title VII, Alabama does not have state laws that prohibit race or sex discrimination, harassment, or retaliation. *Thomas v. Util. Trailer Mfg. Co.*, No. 1:05-CV-914-MEF, 2006 WL 2480057, at *3 (M.D. Ala. Aug. 28, 2006) (Alabama does not "recognize a common-law tort for race and gender discrimination").

10.     Therefore, Plaintiff's claims in Counts 13 (Hostile Work Environment) and Count 14 (Retaliation) of his second Amended Complaint can only be brought under Title VII. Additionally, Plaintiff's allegation that Defendants subjected him to retaliation and a hostile work environment based of his race, color, and sex, and because Plaintiff filed his second Amended Complaint on the 90th day after the EEOC issued a Dismissal and Notice of Right to Sue, further suggest that he is claiming a violations of Title VII in Counts 13 (Hostile Work Environment) and Count 14 (Retaliation) of his second Amended Complaint.

11.     Defendants' response to the second Amended Complaint is due on January 14, 2020; therefore, Defendants have not yet filed an answer to the second Amended Complaint.

12. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Plaintiff's discrimination and retaliation claims in Counts 13 and 14 arise under the Constitution, laws or treaties of the United States. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

13. The remaining causes of action alleged in Plaintiff's second Amended Complaint appear to attempt to assert claims under Alabama state law. Those remaining causes of action in Plaintiff's second Amended Complaint are within this Court's supplemental jurisdiction under 28 U.S.C. § 1367 because they are based on allegations arising from the same set of alleged events as the causes of action in Counts 13 and 14, thus forming part of the same case or controversy under Article III of the United States Constitution. (*See* Exhibit D, ¶¶ 35, 42, 47, 51, 56, 61, 67, 76, 83, 99, 107, 116, and 129.) See 28 U.S.C. § 1367(a). Accordingly, the remaining causes of action in Plaintiff's second Amended Complaint are removable and do not require severing pursuant to 28 U.S.C. § 1441(c).

14. Because Plaintiff served the second Amended Complaint on December 5, 2019, this Notice of Removal is timely, as it is filed within thirty days of the date the second Amended Complaint was served. *See* 28 U.S.C. § 1446(b);

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

15. Because this action is pending in the Circuit Court of Montgomery County, State of Alabama, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

16. This Notice of Removal is timely pursuant to 28 U.S.C. 1446(b) as it is being filed within thirty (30) days after the Defendants' receipt of a copy of the second Amended Complaint, which is the initial pleading setting forth the claim for relief upon which this action is based.

17. Prompt written notice of this Notice of Removal is being sent to the Clerk of the Circuit Court of Montgomery County, Alabama, and Plaintiff's Counsel, Jamie A. Johnston, P.C., 509 Cloverdale Road, Suite 101, Montgomery, AL 36106, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached as Exhibit E.

18. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information, and belief, formed after reasonable inquiry, certifies that Defendants' factual allegations have evidentiary support and their legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose,

such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Respectfully submitted,

Kimberly W. Geisler
Attorney for Defendants US Foods, Inc., David Hirsch, Michael Asbery, and Chris Smith

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
211 Twenty-Second Street North
Birmingham, Alabama 35203
Telephone: (205) 251-2300
Facsimile: (205) 251-6773
Email: kgeisler@scottdukeslaw.com

Kyle A. Petersen (Pro Hac Vice Admission to be submitted)
kpetersen@seyfarth.com
Danielle M. Kays (Pro Hac Vice Admission to be submitted)
dkays@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **SCOTT BROWN,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CASE NO.:** |
| **U.S. FOODS, INC., DAVID HIRSCH, MICHAEL ASBERY, and CHRIS SMITH,** | ) | |
| **Defendants.** | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 2, 2020, I mailed a copy of the NOTICE OF FILING OF DEFENDANTS' NOTICE OF REMOVAL by the United States Postal Service to the following parties:

Jamie A. Johnston, P.C.
P.O. Box 4663
Montgomery, AL 36103-4663
jamie@jjohnstonepc.com

***Attorney for Plaintiff***

Kimberly W. Geisler

60676572v.3 / 067154-020117