ELECTRONICALLY FILED
12/5/2019 9:57 AM
03-CV-2019-901247.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

SCOTT BROWN, Individually and )
Derivatively on Behalf of U.S. Foods, Inc. )
                               )    Case No.: 03-CV-2019-901247.00-BER
      Plaintiff, )
                               )    **JURY TRIAL DEMANDED**
v. )
                               )
U.S. FOODS, INC., a corporation; DAVID )
HIRSCH, an individual; MICHAEL ASBERY, )
an individual; CHRIS SMITH, an individual )
                               )
      Defendants. )

### AMENDED COMPLAINT

**COMES NOW** Plaintiff Scott Brown, individually and as a shareholder of U.S. Foods,

Inc. and brings his Amended Complaint as follows:

### PARTIES

1.      Plaintiff Scott Brown is a resident of Montgomery, County, Alabama over the age of

nineteen. Mr. Brown is a former employee and current shareholder of U.S. Foods, Inc.

2.      The Defendant, US Foods, Inc., is a company duly organized under the laws of Delaware,

with its principal place of business at 9399 W Higgins Road, Suite 500, Rosemont, Illinois 60018-

4992. US Foods, Inc. may be served with process through its registered agent, CT Corporation

System, at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

At all material times Defendant US Foods, Inc., acted by and through its agents, servants and/or

employees who, in turn, were acting within the course and/or scope of their agency or employment.

3.      Defendant U.S. Foods, Inc. is a food service distributor with a location in Montgomery

County, Alabama.

4.      Defendant David Hirsch is a resident of Montgomery County, Alabama over the age of nineteen. Mr. Hirsch is the Facility Manager of the U.S. Foods, Inc. Montgomery distribution center location.

5.      Defendant Michael Asbery is a resident of Montgomery County, Alabama over the age of nineteen. Mr. Asbery is or was during all relevant times an employee of Defendant U.S. Foods, Inc. working at the Montgomery, Alabama distribution center.

6.      Defendant Chris Smith is a resident of Montgomery County, Alabama over the age of nineteen. Mr. Smith is or was during all relevant times an employee of Defendant U.S. Foods, Inc. working at the Montgomery, Alabama distribution center.

## JURISDICTION AND VENUE

7.      The Court has personal jurisdiction over Defendants pursuant to Alabama's long-arm statute and consistent with the U.S. Constitution because: (1) Defendants have transacted business in the State of Alabama; (2) the claims asserted in this action arose from or are directly related to purposeful and tortious acts or omissions committed by them, in whole or in part, in or directed toward residents of this judicial district and the State of Alabama, including the acts of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, waste and unjust enrichment complained of herein; (3) they have committed tortious acts or omissions, directly or indirectly, that caused substantial harm in this judicial district and the State of Alabama, including but not limited to the acts of breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, waste and unjust enrichment complained of herein; (4) the parties are residents of and/or do business in Montgomery, County, Alabama; (5) the amount in controversy falls within this Court's jurisdiction; (6) based on the foregoing, they should reasonably anticipate being haled

into court and otherwise being subject to personal jurisdiction in this judicial district and the State of Alabama.

## FACTUAL BACKGROUND

8.      Defendant U.S. Foods is a food service distributor. Defendant U.S. Foods operates a distribution center in Montgomery, Alabama.

9.      Defendant U.S. Foods employed Plaintiff Scott Brown for a period of eighteen years.

10.      Plaintiff Scott Brown is a current shareholder of Defendant U.S. Foods.

11.      Plaintiff Scott Brown was initially hired as a forklift mechanic. He worked in the position of forklift mechanic for approximately seven months then he was promoted to Lead Position in Maintenance.

12.      Mr. Brown remained the Lead Position in Maintenance until he was terminated on or about September 14, 2018.

13.      Defendant U.S. Foods hired Defendant David Hirsch as the Manager for Montgomery Distribution Center. Mr. Brown applied for the Manager position. However, Defendant U.S. Foods informed Mr. Brown that he would be Defendant Hirsch's replacement upon his retirement.

14.      Defendant David Hirsch was Plaintiff's immediate supervisor.

15.      Beginning on or around January 2017, Defendants Hirsch, Asbery, and Smith began harassing Plaintiff unmercifully, making Plaintiff's work life unbearable, making Plaintiff's work environment extremely hostile, and for the first time in Plaintiff's 18 year employment with U.S. Foods, Inc., started complaining about Plaintiff's job performance.

16.      Beginning on or around January 2017, Plaintiff began reporting Defendants Hirsch, Asbery, and Smiths discriminatory and harassing behavior to human resources and executive staff at U.S. Foods, Inc. U.S. Foods, Inc. failed to investigate one of Plaintiff's numerous complaints.

3

17.     Defendant U.S. Foods, Inc.'s executive staff, after having actual notice of the actions complained of by Plaintiff, negligently failed to discipline or terminate those employees who actively harassed, discriminated, and conspired against Plaintiff on an ongoing basis and failed to protect Plaintiff from further harassment and provide a reasonably safe and non-hostile work environment.

18.     The directors and executive staff at U.S. Foods, Inc. failed to administer their own policies against harassment, discrimination, and unlawful activities within the workplace.

19.     After, Defendant U.S. Foods hired Defendant Hirsch, Mr. Brown witnessed Defendant Hirsch and co-employees Michael Asbery and Chris Smith falsifying time sheets to reflect they worked when they did not.

20.     Plaintiff further witnessed Defendant Hirsch and co-employees Michael Asbery and Chris Smith wrongfully diverting and/or misappropriating assets rightfully belonging to U.S. Foods, Inc. to themselves including generators, refrigerators, scrap metal, use of company vehicles for personal use, chalk machines, kickbacks from vendors, and air conditioning units.

21.     Plaintiff reported to Human Resources and the executive staff at U.S. Foods the theft of company property and/or assets and the falsified timesheets.

22.     Ken German and Human Resources at U.S. Foods, Inc. told Plaintiff that if he continued to report the theft of company assets "he would not like the outcome."

23.     After being made aware of the theft and misappropriation of company assets, the execute staff at U.S. Foods, Inc. failed to investigate Plaintiff's claims and knowingly allowed the mismanagement of the distribution center to continue.

24.     Defendant's failed to properly conduct a thorough investigation and as a result the hostile work environment worsened. In fact, it worsened in retaliation for the complaints Plaintiff had

made. Plaintiff continued to be harassed, undermined in his ability to perform his job duties, subjected to disparate treatment, denied training and promotional opportunities, and subjected to retaliation and a hostile work environment because of his race, color and sex.

25.    In retaliation, Defendant Hirsch ordered Plaintiff in isolation to not have any contact with any co-employees and vendors. Defendant Hirsch also told vendors and supervisory staff of U.S. Foods false and defamatory statements about Plaintiff, including that Plaintiff was taking money. Specifically, Defendant's Kevin Eagan told executive staff, including but not limited to Steve Samson, that Plaintiff was taking kickbacks from vendors.

26.    Defendant Hirsch told third-party vendors Thompson Tractor, Overhead Door, and Battery Source that Plaintiff was stealing money and to have no further interaction with Plaintiff because his "ethics were being questioned and he was not allowed to handle money or anything having to do with money."

27.    Plaintiff was portrayed to be engaged in criminal activities, and as a result, was no longer able to interact with outside vendors.

28.    Defendant Hirsch orchestrated and allowed the co-defendant employees to daily ridicule, curse at, defame, pass gas on, inappropriately touch Plaintiff. In addition, Defendant Hirsch refused to allow Plaintiff to have the same opportunities as other employees, including but not limited to refusing to allow him to work holidays where he could earn additional income.

29.    Plaintiff reported Defendant Hirsch, Asberry, and Smith's harassing behavior to Human Resources and supervisory staff of U.S. Foods and was told "that if he got a lawyer he would be terminated."

30.    Specifically, Doug Kootz told Wes Daniels that he wanted Plaintiff fired and that Plaintiff should not be allowed to work at U.S. Foods.

31.     Defendant Hirsch specifically inquired with others within U.S. Foods "is there anything I can write [Mr. Brown] up for?" Defendant Hirsch and his co-conspirators defendants named herein were on a mission to find a way to terminate Mr. Brown.

32.     Ultimately, in accordance with his plan to do so, in retaliation for Plaintiff's vocalization of the improper conduct at U.S. Foods, Defendant Hirsch terminated Plaintiff.

33.     The management of U.S. Foods, specifically, Defendant Hirsch led a group of employees in a scheme to defraud the company, purchased items for their personal use using the funds of the company, credited them for time worked when in actuality they did not work, and engaged in other acts detrimental to the betterment of the company. The theft of personal property, including but was not limited to: tool kits, softball line maker, air conditioners, battery pack large tool kits, saws, drills, impact machines, socket sets, air conditioning tools, ammonia tools, drill kits, stainless steel racking, and scrap metal among others.

34.     The management of U.S. Foods were continuously made aware of the illegal activity and mismanagement of the Montgomery distribution center and knowingly allowed it to continue to the detriment of the company and its shareholders.

## CAUSES OF ACTION

### *Derivative & Direct Claim—Count I – Breach of Fiduciary Duties of Loyalty, Good Faith and Fair Dealing*

35.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

36.     Defendant Hirsch and Ron White as a manager of U.S. Foods, owes fiduciary duties to U.S. Foods to act in the best interests of the corporation, and not to place his own personal interests ahead of those of U.S. Foods. Defendant owes U.S. Foods the utmost fiduciary duties of loyalty, good faith and fair dealing.

6

37.     As managers of U.S. Foods, Defendant is responsible for the general supervision of all the corporation's assets and property. In this capacity, he has a duty to act for the benefit of and in the best interests of both U.S. Foods, Inc. and its shareholders with respect to the management of the companies' assets and supervision of its employees.

38.     Defendant Hirsch is also an agent of U.S. Foods with the delegated duty and authority to supervise, hire, fire, and manage the assets and property of U.S. Foods, Inc.

39.     Defendant Hirsch and Ron White breached their fiduciary duties to U.S. Foods through the conduct described above, including, without limitation: (a) wrongfully diverting and/or misappropriating company assets rightfully belonging to U.S. Foods to himself and co-defendants Michael Asbery and Chris Smith (b) making unauthorized payments of compensation, expenses, and other financial benefits to himself and/or parties unrelated to the business of U.S. Foods; (c) intentionally, willfully and/or knowingly engaging in self-dealing, including, without limitation, the transactions described above, in order to wrongfully derive an improper personal benefit from U.S. Foods, Inc.; (d) acting in bad faith with the respect to Defendants management of assets and property of U.S. Foods; and (e) knowingly committing violations of law through all the foregoing conduct.

40.     Defendant Hirsch used his direct, continuing contacts with vendors of U.S. Foods— including his position as an authorized manager of those accounts—to carry out unauthorized payments and kickbacks to the detriment of U.S. Foods.

41.     Defendants actions constitute bad faith, intentional and willful misconduct, and are a blatant breach of his duties of loyalty, good faith, and fair dealing to U.S. Foods, Inc.

### _Derivatively Count II – Aiding and Abetting Breach of Fiduciary Duties of Loyalty, Good Faith and Fair Dealing_

42.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

43.     Defendant Hirsch and Ron White breached their fiduciary duties to U.S. Foods through the conduct described above, including, without limitation: (a) wrongfully diverting and/or misappropriating company assets rightfully belonging to U.S. Foods to himself and co-defendants Michael Asbery and Chris Smith (b) making unauthorized payments of compensation, expenses, and other financial benefits to himself and/or parties unrelated to the business of U.S. Foods; (c) intentionally, willfully and/or knowingly engaging in self-dealing, including, without limitation, the transactions described above, in order to wrongfully derive an improper personal benefit from U.S. Foods, Inc.; (d) acting in bad faith with the respect to Defendants management of assets and property of U.S. Foods; and (e) knowingly committing violations of law through all the foregoing conduct.

44.     Defendant Hirsch's actions constitute bad faith, intentional and willful misconduct, and are a blatant breach of his duties of loyalty, good faith and fair dealing to U.S. Foods, Inc.

45.     Defendant Asbery and Defendant Chris Smith knowingly participated and assisted in Hirsch's breaches of fiduciary duties to U.S. Foods for its benefit by, among other things: (a) knowingly facilitating and/or accepting the wrongful diversion and/or misappropriation of money and other assets rightfully belonging to U.S. Foods, Inc. for their own benefit; and (b) knowingly accepting unauthorized payments of compensation, expenses, commissions, reimbursements and/or other financial benefits initiated by Hirsch from U.S. Foods, Inc.

46.     As a direct and proximate result of Defendant's Asbery and Smith's having knowingly participated and assisted Defendant Hirsch's breaches of fiduciary duties, U.S. Foods, Inc. and its shareholders have suffered and will continue to suffer substantial financial harm.

8

### *Derivatively Count III – Waste*

47.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

48.     Defendant Hirsch wasted the money, assets, and property of U.S. Foods through the conduct described above, including, without limitation: (a) wrongfully diverting and/or misappropriating company assets rightfully belonging to U.S. Foods to himself and co-defendants Michael Asbery and Chris Smith (b) making unauthorized payments of compensation, expenses, and other financial benefits to himself and/or parties unrelated to the business of U.S. Foods; (c) intentionally, willfully and/or knowingly engaging in self-dealing, including, without limitation, the transactions described above, in order to wrongfully derive an improper personal benefit from U.S. Foods, Inc.; (d) acting in bad faith with the respect to Defendants management of assets and property of U.S. Foods; and (e) knowingly committing violations of law through all the foregoing conduct.

49.     Though their unauthorized transactions and stealing of company assets, U.S. Foods, Inc. received virtually no consideration or benefit in exchange for their wrongful actions.  Defendants actions were unconscionable, served no rational business purpose, constituted bad faith, intentional and willful misconduct; and were blatant breach of fiduciary duties of loyalty, good faith and fair dealing to U.S. Foods Inc.

50.     As a direct and proximate result of Defendants waste of the money, assets, and property of U.S. Foods, the company and its shareholders have suffered and will continue to suffer substantial financial harm.

### *Derivatively Count IV – Unjust Enrichment*

51.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

52.     Through their bad faith, intentional, willful, unconscionable, and illegal conduct described above, Defendants wrongfully obtained money, assets and property that rightly belonged to U.S. Foods, Inc., resulting in direct, substantial financial benefits for Defendants.

53.     Defendants intended to, and knowingly did, receive, accept, and retain these direct, substantial financial benefits to the exclusion of U.S. Foods, Inc.

54.     As a direct and proximate result of Defendants' wrongful conduct described above, U.S. Foods Inc. has suffered and will continue to suffer substantial financial harm.

55.     Defendants have been unjustly enriched by their bad faith, intentional, willful, unconscionable, and illegal conduct, and by their acceptance and retention of these financial benefits to the exclusion of U.S. Foods, Inc., and its shareholders.

### *Derivatively Count V – Civil Conspiracy*

56.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

57.     Defendants recklessly, willfully, and intentionally conspired with one another in callous disregard for the rights and interest of U.S. Foods to accomplish an unlawful end or to accomplish a lawful end by unlawful means.  Defendants agreed to commit each of the wrongful and tortious acts discussed in this Amended Complaint including, without limitation, breaches of fiduciary duty, aiding and abetting breaches of fiduciary duty, waste of U.S. Foods, Inc. assets and unjust enrichment.  Defendants devised a plan to accomplish their ends.

58.     Defendants had a financial motive or incentive to accomplish the conspiracy, and each Defendant was aware that the other Defendants intended to commit these wrongful and tortious acts in furtherance of the conspiracy.

59.     By entering into this conspiracy, Defendants permitted, encouraged, and induced all of the wrongful and tortious acts described in this Amended Complaint.

60.     As a direct and proximate result of the wrongful and tortious acts committed by Defendants in the course of their conspiracy, U.S. Foods, Inc., and its shareholders have suffered and will continue to suffer substantial financial harm.

### *Derivatively Count VI – Conversion*

61.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

62.     Defendants intentionally, wrongfully, and illegally exercised unlawful dominion and/or control over the assets and property of U.S. Foods, Inc. without consideration.

63.     Defendants Hirsch, Asbery, and Smith have no right, title or interest in and to U.S. Foods Inc. and its shareholder's property they converted, but they have taken away, through unlawful means, property rightfully belonging to U.S. Foods, Inc. and the shareholders of U.S. Foods, Inc., converted it to their own use, disposed of aforementioned property, wrongfully retained and wrongfully appropriated and used the property for their own benefit and profit.

64.     Plaintiff, as a shareholder and employee of U.S. Foods, demanded the return of U.S. Foods, Inc.'s property to directors and managing supervisors of U.S. Foods, Inc. and Defendants failed or refused, and continue to fail or refuse, to return the property to U.S. Foods, Inc. and its shareholders.

65.     The acts of the Defendants constitute wrongful conversion of funds and property. By virtue of the fraud, wrongful action and other conduct of the Defendants as set forth herein, U.S. Foods and its shareholders have been deprived of their property rights and have suffered substantial financial loss.

66.     Defendants Hirsch, Asbery, and Smith's unlawful acts were part of an overall scheme or conspiracy and were willful, wanton, malicious, oppressive, reckless, and were undertaken with the intent to defraud.

11

### *Directly Count VII – Tort of Outrage*

67.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

68.     Defendants engaged in an illegal scheme, isolated Plaintiff, slandered him, humiliated him, and ultimately terminated him because he was unwilling to participate in the fraud and theft taking place at U.S. Foods, Inc.

69.     Plaintiff notified officers of the company and rather than addressing Plaintiff's concerns they terminated against him so that this publicly held company's shareholders would not learn of it and to protect themselves and continue the scheme.

70.     Defendant U.S. Foods allowed these employees to remain employed and continue perpetrating unlawful acts, harassment, fraud, discrimination, and conspiracy against Plaintiff.

71.     The conduct of U.S. Foods, Inc. including Ron White and Defendants Hirsch, Asbery, and Smith was extreme, outrageous and beyond the bounds of decency, and in violation of Alabama state law.

72.     Plaintiff lost his employment, sleep, retirement and was caused to suffer worry, emotional distress, and damage to his reputation as a result of this conduct which would shock the conscience of any reasonable person.

73.     Plaintiff was a long-term employee who was completely dedicated to the company and for ensuring that it was honest and law-abiding company. When he tried to ensure such by reporting the fraud and theft, Plaintiff was terminated.

74.     As a proximate consequence of this outrageous conduct, Plaintiff has suffered and will continue to suffer damages to his professional life and future career opportunities, past and future pecuniary losses, embarrassment, emotional pain, physical pain, mental anguish, and non-pecuniary damages.

12

75.     Plaintiff demands judgment against Defendants U.S. Foods, Inc., David Hirsch, Michael Asbery, and Chris Smith for the following relief; any and all damages to which he is entitled including but not limited to: compensatory damages for loss of wages, loss of benefits, mental anguish, embarrassment, emotional distress, physical pain and damage to his reputation; punitive damages; costs and attorney's fees; and such other legal or equitable relief as may be appropriate to effectuate the purposes of Alabama state law or to which Plaintiff may be entitled.

### *Directly Count VIII – Slander*

76.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

77.     Defendants statements to representatives of Overhead Doors, Thompson Tractor, Battery Source, and to Robert Hammock that Defendant was stealing from U.S. Foods and was being investigated for illegal conduct are completely false.

78.     Defendant Hirsch acted with knowledge of the falsity of the statements and/or with reckless disregard for their truth or falsity.

79.     In making these willful, false, malicious, defamatory, and slanderous statements, Defendants intended to injure Plaintiff's reputation and livelihood and to deprive Plaintiff of the respect and confidence essential for him to work in his chosen field.  Defendants false statements were contrived and intended to deprive Plaintiff of his good name, employment, and reputation.

80.     Defendants published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity.

81.     The Plaintiff's reputation in the community has been damaged by the false defamatory statements.

82.     Plaintiff seeks any and all damages including compensatory and punitive damages, along with attorneys' fees and costs to which he may be entitled.

13

## *Directly Count IX – Negligent Hiring, Training, and Supervision*

83.     Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

84.     Under Alabama Law, U.S. Foods, Inc. was obligated to provide Plaintiff a reasonably safe, non-hostile and non-discriminatory work environment.

85.     Defendant U.S. Foods, Inc., and Ron White, as a director of U.S. Foods, Inc. and manager of the Montgomery Distribution Center, negligently, recklessly, and/or wantonly hired and/or oversaw the hiring of Defendants Hirsch, Asbery, and Smith, failed to supervise U.S. Foods, Inc.'s employees, agents and/or consultants, permitted or failed to prevent the negligent and/or wanton acts and/or omissions alleged above, and failed to adhere to generally accepted industry standards and its own workplace policies against harassment and unlawful acts within the workplace.

86.     Defendant U.S. Foods, Inc. knowingly allowed its employees, including Defendants Hirsch, Asbery, and Smith to slander, harass, retaliate, and otherwise discriminate against Plaintiff, and failed to adequately train and discipline its employees, and otherwise failed to protect Plaintiff from injury.

87.     At all material times, Defendant David Hirsch was the Facility Manager of the U.S. Foods, Inc.'s Montgomery distribution center and was Plaintiff's direct supervisor charged with responsibilities of hiring, terminating, supervising, and managing U.S. Foods, Inc.'s employees, agents and/or consultants (including Asbery, Smith, and Plaintiff).

88.     Defendant Hirsch negligently, recklessly, and/or wantonly failed to supervise U.S. Foods, Inc. employees, avoid self-dealing, responsibly hire, and permitted—if not promote—the negligent and/or wanton acts and/or omissions alleged above.

89.     Furthermore, Defendant Hirsch orchestrated and promoted U.S. Foods, Inc. employees to slander, defame, discriminate, harass, and threaten Plaintiff.

14

90.     Defendant Hirsch was a director of U.S. Foods, Inc., and was in a position of trust. In that position, he had the legal duty to use due care when disclosing any information that would potentially defame or cause harm to any U.S. Foods, Inc. employee under his supervision and/or control.

91.     Defendant Hirsch negligently, recklessly, willfully and/or maliciously published and communicated false and defamatory statements regarding Plaintiff to vendors of U.S. Foods, Inc., including but not limited to Ryan Duncan, Robert Hammock, Thompson Tractor ("Rich"), Overhead Door ("Kenny"), and Battery Source ("Jonathon"). Defendant Hirsch communicated inaccurate and false information that Plaintiff was under an ethics investigation for stealing and accepting kickbacks from U.S. Foods Inc. vendors.

92.     At the time said communication was made, Defendant Hirsch knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

93.     Defendant Hirsch negligently, recklessly and/or wantonly published false and defamatory information that was objectionable and highly offensive to Plaintiff, and would be objectionable and highly offensive to any reasonable person because it infers that Plaintiff is engaged in criminal activities which has negatively impacted Plaintiff's reputation, character, and trustworthiness in the Montgomery community.

94.     Defendant U.S. Foods, Inc. failed to administer its own policies against harassment and discrimination and failed to communicate its policies regularly and clearly to its supervisory employees, including Defendant Hirsch and head director of the Montgomery distribution center Ron White. Such failure, and U.S. Foods Inc.'s knowing acquiescence to the unlawful and tortious

acts of its employees created a hostile working environment for Plaintiff and resulted a change in the terms and conditions of his employment, and his ultimate termination.

95.    Furthermore, U.S. Foods Inc.'s policies against reporting of unlawful acts, harassment, and discrimination were inadequate in their substance and execution to effectively address and prevent illegal activity and harassment in the workplace, and such inadequacy created a hostile working environment for Plaintiff and resulted a change in the terms and conditions of his employment, and his ultimate termination.

96.    Such conduct of the aforenamed Defendants, including the intentional and systemic acts of harassment, discrimination and conspiracy against Plaintiff, and the ratification, both explicit and implicit, of the Defendant U.S. Foods, Inc. of the unlawful actions of its employees over an extended period of time, created a hostile working environment that was unwelcome to Plaintiff, altered his working conditions and work environment, and subjected him to severe emotional distress, mental anguish, embarrassment, humiliation and trauma, and resulted in his ultimate termination and slandered name.

97.    The conduct of Defendants U.S. Foods, Inc., David Hirsch, Michael Asbery, and Chris
         Smith was the proximate cause of Plaintiffs Damages.

98.    Plaintiff seeks any and all damages to which he is entitled including but not limited to: compensatory damages for lost wages, loss benefits, including but not limited to mental anguish, embarrassment, emotional distress, physical pain and damage to his reputation; punitive damages; costs and attorney's fees; and such other legal or equitable relief as may be appropriate to effectuate the purposes of Alabama state law or to which Plaintiff may be entitled.

### *Directly Count X – Negligence and/or Wanton Retention*

99.    Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

100.    This claim arises under the law of the State of Alabama to redress Defendant's negligent and/or wanton retention of employees, supervisors, management, and Human Resources.

101.    Plaintiff was subjected to the conduct outlined above which was intentional, reckless, extreme and outrageous and such conduct caused emotional distress.

102.    Defendant U.S. Foods, Inc. was negligent and/or wanton in its retention of its employees, supervisors, and management.

103.    Defendant had actual knowledge of the conduct of its employees, supervisors, and management, knew or should have known of such conduct, and failed to take adequate steps to prevent and remedy the situation.

104.    By its actions, Defendant ratified and/or condoned the illegal conduct of its employees, supervisors, and management toward the Plaintiff. Defendant has negligently and/or wantonly retained employees who engaged in criminal, discriminatory, and harassing conduct. By its actions/inaction, Defendant has allowed the outrageous conduct to continue.

105.    Defendant's failure caused Plaintiff to suffer serve emotional distress, embarrassment, and humiliation.

106.    Defendant acted with malice and/or reckless indifference and its conduct was wanton and/or grossly negligent.

### _Derivatively and Direct Claim—Count XI – Conspiracy_

107.    Plaintiff adopts all preceding paragraphs of this Complaint as if fully set forth herein.

108.    As described herein, Defendants conspired, acted in concert and developed a scheme for the unlawful purposes of manipulating timesheets and falsifying records thereby intentionally, wrongfully, and illegally exercised unlawful dominion and/or control over the assets and property of U.S. Foods, Inc. without consideration.

17

109.    By virtue of the fraud, wrongful action and other conduct of the Defendants as set forth herein, U.S. Foods and its shareholders have been deprived of their property rights and have suffered substantial financial loss.

110.    Furthermore, Defendant U.S. Foods, Inc. and its employees, including but not limited to Defendants Hirsch, Asbery, and Smith, conspired, acted in concert and developed a scheme to terminate Plaintiff in order to aid in its ability to continue to operate in malicious unlawful conduct.

111.    Plaintiff's reporting of the conspiracy and criminal conduct resulted in threats, harassment, and ultimately termination.

112.    Wherefore, Plaintiff demands all equitable relief, compensatory and punitive damages and other recovery allowable as the result of the actions of the Defendants, and necessary to prevent further damage from being incurred in the future.

### *Directly Count XII – Invasion of Right of Privacy*

113.    Beginning on or around August 2018, Defendant U.S. Foods, Inc., and its agents, servants, employees, and representative including but not limited to co-Defendants Hirsch, Asbery, and Smith began slandering Plaintiff and putting Plaintiff in a false light by publishing false and defamatory statements of and concerning Plaintiff.   Defendants and its agents, servants, employees, and representatives talked to, made verbal derogatory statements to, and made false verbal defamatory statements to people not employed by U.S. Foods, Inc. Beginning on or around August 2018 Defendants wrongfully and falsely put Plaintiff in a false light by telling people who were not employed by Defendant U.S. Foods, Inc. statements about Plaintiff being engaged in criminal activities which were not true and which were false. Defendants published these false and defamatory statements to people, including, but not limited to, people with whom Plaintiff had worked hard to establish business relationships, Plaintiff's potential employers, and with entities

and others not employed by and/or associated with U.S. Foods, Inc. By doing so, Defendants and its agents, servants, employees, and representative invaded Plaintiff's right to privacy.

114.    Plaintiff, as the proximate consequence of the said invasion of his privacy, was caused to suffer the following injuries and damages: Plaintiff's reputation was damaged in the Montgomery and surrounding communities; Plaintiff was caused to suffer shame, humiliation, embarrassment, and severe mental and emotional anguish from being portrayed as a criminal.

115.    Plaintiff claims punitive damages against Defendants and its agents, servants, employees, and representatives because of the gross, oppressive and willful nature of the conduct of U.S. Foods, Inc., its agents, servants, employees, and representatives, including co-Defendants Hirsch, Asbery, and Smith.

**WHEREFORE,** Plaintiff demands compensatory and punitive damages in sums to be determined by a jury, plus costs.

### *COUNTS XIII – Hostile Work Environment*

116.    Plaintiff adopts all preceding paragraphs of this Amended Complaint and all other complaints as if fully set forth herein.

117.    Mr. Brown was instructed to remain isolated in the Maintenance Shop. He was told not to speak to any vendors and not to go beyond the confinements of the shop. In addition, Mr. Brown was subjected to daily ridicule, cussed at repeatedly, defamed by members of the supervisory staff of U.S. Foods to vendors and others, passed gas on, inappropriately touched, and ultimately terminated.

118.    Prior to his termination, Mr. Brown reported the harassment and defamation to Human Resources Department. The Human Resources Department manager at the time told Mr. Brown that while he could file a claim, if he did, he would not like the outcome. Despite that clear threat of retaliation, Mr. Brown continued to protest the harassment and mistreatment. He reported it not only to Human Resources but also to the highest authority of U.S. Foods.

119.     In addition to Mr. Brown's filing of a complaint of the mistreatment, he also vocalized the fact that there was internal theft taking place and importantly that there was a fraudulent manipulation of hours worked by employees. Mr. Brown reported that there was a falsification of payroll records taking place at U.S. Foods. Within two weeks of Mr. Brown's vocalization of the falsification of payroll records and internal theft, U.S. Foods terminated Mr. Brown.

120.     The parties involved in the theft and falsification of payroll records include but are not necessarily limited to: David Hircsh, Mike Asbery and Chris Smith.

121.     Other harassment included not allowing Mr. Brown the same opportunities as other employees, including but not limited to refusing to allow him to work holidays where he could earn additional income. Further, Mr. Brown was told that if he got a lawyer he would be terminated.

122.     It is these same parties who undertook to create such a hostile work environment for Mr. Brown. In fact, witnesses have reported that David Hircsh specifically asked those within U.S. Foods "is there anything I can write [Mr. Brown] up for?" They obviously were on a mission to find a way to terminate Mr. Brown. A co-employee of Mr. Brown informed him that David, Mike and Chris were trying to set Mr. Brown up to fire him.

123.     U.S. Foods also told the vendors that if they spoke with Mr. Brown that they would lose their contract with U.S. Foods. They were instructed they couldn't say anything, including "hello" or the like.

124.     Moreover, two African American employees (Richard Gunn and an individual named "Jamie/James") engaged in a physical altercation at US Foods and suffered no punishment. Yet, US Foods attempts to falsely justify their action here with a claim that Mr. Brown engaged in an altercation with a co-employee. First, there was NO physical altercation at all. Mr. Brown has known his co-employee for years – since they were in their teenage years. Mr. Brown was not aggressive in manner or voice. Rather, he asked the co-employee if they could have lunch. In fact, they were never closer than twenty feet of one another during the alleged subject incident. Likewise, the witnesses confirm there was no physical contact, no threat made by Mr. Brown, and that Mr. Brown never raised his voice. There are also cameras of the area which confirm the same.

125.    Mr. Brown has never threatened any employee or the business both during his employment and following termination. Any suggestion that he did is false and done so in an effort to conceal the illegal, discriminatory, and unethical conduct within U.S. Foods.

126.    Again, the work environment at US Foods included fraudulent and illegal activity and Mr. Brown's effort to reveal such activity and quash it resulted in his termination. The efforts of these roque employees to cover up the fraud, harassment, theft, and other illegal activity should be stopped. Mr. Brown gave nearly two decades of his life to this company. He is now struggling emotionally and financially.

127.    Such unlawful employment practices proximately caused Mr. Brown to suffer severe emotional distress, mental anguish, embarrassment, humiliation, shame and trauma for which he claims damages.

128.    Mr. Brown seeks declaratory and injunctive relief, award of compensatory and punitive damages, mental anguish, costs, attorneys fees, interest and any and all such other relief the trier of fact may assess. He also seeks reemployment.

### *Count XIV – Retaliation*

129.    Plaintiff adopts all preceding paragraphs of this Amended Complaint as if fully set forth herein.

130.    Plaintiff was wrongfully retaliated against in response to his notification to HR and others within US Foods of the hostile work environment he was being subjected to. Defendants rather than addressing his complaints, they fired Plaintiff.

131.    As a result of Defendants' retaliatory conduct, Plaintiff has been caused to suffer emotional distress, anxiety, loss of sleep, worry, loss of employment, loss of employment benefits, financial loss, damage to his reputation and other compensable injuries.

**WHEREFORE, the above premises considered**, Plaintiff seeks an award from a jury to include but not necessarily be limited to compensatory and punitive damages, interest, attorneys' fees, and other available damages.

Respectfully submitted,

*/s Jamie A. Johnston*
Jamie A. Johnston (JOH164)
Attorney for Plaintiff

**OF COUNSEL:**
Jamie A. Johnston P.C.
509 Cloverdale Road, Suite 101
Montgomery, Alabama 36106
334.202.9228 – t
334.265.8789 – f
jamie@jjohnstonpc.com

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so properly tried in this cause.

/s/ Jamie A. Johnston
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Amended Complaint shall be served on counsel for all defendants by the AlaCourt filing system.

*/s/ Jamie A. Johnston*

OF COUNSEL

22