IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
SCOTT BROWN,                   )
                               )
      Plaintiff,               )
                               )       CIVIL ACTION NO.
      v.                       )         2:20cv06-MHT
                               )             (WO)
U.S. FOODS, INC., et al.       )
                               )
      Defendants.              )
```

OPINION AND ORDER

Plaintiff Scott Brown--once an employee of U.S. Foods, Inc., a major food service distributor--filed suit in state court naming as defendants his former employer and several of his fellow employees, and asserting what appears to be a litany of injuries to his dignity and career.

Brown's claims are all pleaded as common-law torts, and the individual defendants he names are residents of Alabama like him. Nonetheless, defendants removed Brown's operative second amended complaint to federal court on the theory that the claims in two of the counts--labeled "Retaliation" and "Hostile Work

Environment"--could arise under only Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 1981a and 2000e through 2000e-17.  Brown now agrees that his complaint endeavors to state Title VII claims.

The case is before the court on defendants' motion to dismiss all of Brown's claims.  The court has jurisdiction over his ostensible Title VII claims under 28 U.S.C. § 1331 (federal question) and § 2000e-5(f)(3) (Title VII), and it has jurisdiction over his state claims under 28 U.S.C. § 1367 (supplemental jurisdiction).  For the reasons that follow, the court will grant the motion to dismiss, albeit with leave to amend, as to Brown's Title VII claims because the allegations in his complaint fail to state a claim under that statute.  The court will also allow the parties an opportunity to show cause why the remainder of Brown's complaint should not be remanded to state court.

I. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

II. RETALIATION

As stated, Brown's complaint has two counts--labeled "Retaliation" and "Hostile Work Environment"--that he contends state claims under Title VII. The court will first turn to the count labeled "Retaliation."

Title VII makes it unlawful for an employer to retaliate against an employee or prospective employee "because he has opposed any practice made an unlawful

employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Any action by an employer that might "dissuade[] a reasonable worker from making or supporting a charge of discrimination" will qualify as unlawful retaliation. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174 (2011) (quoting *Burlington N. & Sante Fe Ry. v. White*, 548 U.S. 53, 68 (2006)).

Brown contends that his tenure at U.S. Foods was made miserable and eventually ended because he reported to the company's Human Resources Department that some of his co-workers were falsifying time sheets and absconding with corporate property. *See* Second Amended Complaint (doc. no. 1-1) at 4-6.[1] The co-workers he reported are now the individual defendants in this suit.

---

1. It is unclear from Brown's filings whether the alleged mistreatment he suffered at the hands of his co-workers came before or after he complained to the Human Resources Department. *See* Second Amended Complaint (doc.

Brown argues that these facts give rise to a retaliation claim. Specifically, he alleges that he was harassed, disciplined, and eventually terminated "in retaliation for [his] vocalization of the improper conduct at U.S. Foods." Second Amended Complaint (doc. no. 1-1) at 6. The trouble is that the "improper conduct" he had complained about was not discrimination or other conduct prohibited by Title VII. The facts he alleges do not show that he was retaliated against for opposing discrimination or for making a Title VII charge. Instead, he alleges he was retaliated against for reporting the theft of company property and falsification of time sheets. *See id.* at 4-6.

This cannot support a retaliation claim under Title VII. The anti-retaliation provisions of the statute apply only when an employee is targeted for certain protected activities, such as opposing

---

no. 1-1) at 3. The court has given Brown the benefit of the doubt and assumed that the alleged mistreatment came after he complained.

5

discrimination that is barred by the statute or making or supporting a Title VII charge.  *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 347-48 (2013).  The conclusory assertion in Brown's recitation of his claim that he was actually retaliated against for telling the Human Resources Department "of the hostile work environment he was being subjected to," *id.* at 21, does not cure this deficiency, because his factual allegations show retaliation for notifying the company that its assets were being misused, not for, for example, charging discrimination.  Because Brown's allegations indicate that he was targeted for reporting his co-workers' misuse of company resources--not for an activity protected by Title VII--his complaint fails to state a retaliation claim under the statute.

### III. HOSTILE-WORK ENVIRONMENT

The other count in which Brown purports to state a Title VII claim is labeled "Hostile Work Environment."  A plaintiff may establish a hostile-work environment by

showing "that: (1) he belongs to a protected group; (2) he suffered unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee ...; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment under a theory of either direct liability or vicarious liability." *Fernandez v. Trees, Inc.*, 961 F.3d 1148, 1153 (11th Cir. 2020).  Title VII does not prohibit all harassment: only harassment based on such factors as an employee's race, color, religion, sex, or national origin.

Brown's hostile-work environment claim falls short because he does not adequately allege that he was targeted for harassment due to a characteristic protected by Title VII.  While he declares that he was "subjected to retaliation and a hostile work environment because of his race, color and sex," Second Amended Complaint (doc. no. 1-1) at 5, this bare statement of a legal conclusion

7

is not sufficient to meet the pleading standards set forth in *Twombly* and *Iqbal*.  See *Iqbal*, 556 U.S. at 678.  Beyond that, he provides not a single factual allegation suggesting that any of the harassment his co-workers engaged in and U.S. Foods failed to constrain was connected to his race, color, or sex.  Because Brown's factual allegations do not plausibly show that the harassment he experienced was based on a characteristic protected by Title VII, his complaint fails to state a hostile-work-environment claim.[2]

### IV. INTENTIONAL DISCRIMINATION

In addition, some of the allegations in Brown's count labeled "Hostile Work Environment" could also be

---

2. It is unclear whether Brown also asserts, separate from his retaliation claim, a retaliatory hostile-work environment, that is, that the defendants created a hostile-work environment in retaliation for his having complained to the company's Human Resources Department.  However, as stated, the mistreatment he allegedly suffered was for complaining about his co-worker's misuse of company resources, and such complaining is not protected by Title VII.

understood as an attempted direct claim of intentional discrimination against U.S. Foods under Title VII, 42 U.S.C. § 2000e-2.  In particular, Brown's only factual allegation that has anything to do with his race, color, or sex is that:

> "[T]wo African American employees ... engaged in a physical altercation at US Foods and suffered no punishment.  Yet, US Foods attempts to falsely justify their action here with a claim that Brown engaged in an altercation with a co-employee."

Second Amended Complaint (doc. no. 1-1) at 20.  In his response to the pending motion to dismiss, Brown explained that the action U.S. Foods took based on this 'altercation' was a disciplinary citation for violating the company's Violence Prevention Policy.  *See* Pl.'s Response to Motion to Dismiss (doc. no. 18) at 11.

For an employment action to amount to intentional discrimination in violation of Title VII, it must effect a "*serious and material* change in the terms, conditions, or privileges of employment."  *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921 (11th Cir. 2018) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir.

9

2001)) (emphasis in original). "[N]egative job performance memoranda" and other disciplinary acts that cause no "economic injury" are insufficient to meet this threshold. *Davis*, 245 F.3d at 1240.

Brown does not allege that the disciplinary citation he received led to his firing or to any other economic injury. Instead, he alleges repeatedly that he was fired for complaining about his co-workers' alleged misuse of company resources. Because the citation is the only action by U.S. Foods for which Brown presents any facts suggesting his race played a role, and because the citation does not amount to a "serious and material change in the terms, conditions, or privileges of employment," Brown fails to state a claim of intentional discrimination under Title VII.

## V.   CONCLUSION

Title VII of the Civil Rights Act protects workers from being discriminated against or subjected to harassment for their race, color, religion, sex, or

10

national origin, and from retaliation for complaining of such discrimination. The facts that Brown currently alleges are that he was mistreated for reporting his fellow workers' misappropriation of corporate resources. Retaliating against an employee for that reason may be unlawful, but Title VII does not make it so. And the disciplinary citation he allegedly received does not, standing alone, support a Title VII claim.

In the notice of removal, defendants claimed that Brown's counts labeled "Retaliation" and "Hostile Work Environment" must be read as Title VII claims because Alabama law does not protect workers against "race or sex discrimination, harassment, or retaliation." Notice of Removal (doc. no. 1) at 4. The court passes no judgment today on whether this is true, nor whether Brown's current allegations in these two counts could plausibly state any claims under Alabama law. All the court holds is that, as plaintiffs' complaint is now pleaded, Title VII provides him no remedy.

The court declines to rule on the remainder of defendants' motion to dismiss. The court believes it likely that the proper course of action at this point is to remand the state law claims remaining in plaintiff's suit to the state court from which they were removed. *See* 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010). However, before deciding to do so, the court will give the parties an opportunity to show cause why this case should not be remanded.

The court will also allow Brown to amend his complaint to attempt to state a plausible Title VII claim, if he so chooses. However, whether or not Brown seeks to amend his complaint, the parties should show cause why the case should not be remanded.

\*\*\*

Accordingly, it is ORDERED that:

(1) Defendants' motion to dismiss (doc. no. 15) is granted as to the counts labeled "Hostile Work

12

Environment" and "Retaliation" in plaintiff's Second Amended Complaint (doc. no. 1-1), and said counts are dismissed without prejudice.  Should plaintiff believe that his allegations can be revised to state a plausible claim under Title VII, the court will consider a motion to amend his complaint filed by 5:00 p.m. on October 20, 2020.

(2) The parties should also show cause, if there be any, in writing by 5:00 p.m. on October 20, 2020, as to why, in the absence of plausible Title VII claims, the state claims in this suit should not be remanded to state court.

DONE, this the 13th day of October, 2020.

                                       <u>/s/ Myron H. Thompson</u>
                                   **UNITED STATES DISTRICT JUDGE**